# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| BRET FULLER, #2088645 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1301 |
| HENDERSON COUNTY, TEXAS, ET. AL. | § | |

## MEMORANDUM OPINION ADOPTING THE REPORT OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Bret Fuller, a former inmate within the Texas Department of Justice proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. He names Henderson County, Henderson County Sheriff's Department, and the Henderson County Sheriff's Medical Department, among others, as Defendants. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On August 6, 2018, the Magistrate Judge issued a Report, (Dkt. # 32), recommending that Defendants' motion to dismiss, (Dkt. # 24), be granted—to the extent that Fuller's claims against the Henderson County Sheriff's Department and the Henderson County Sheriff's Medical Department be dismissed with prejudice. Specifically, the Magistrate Judge highlighted that both Henderson County Sheriff's Department and Medical Department are non-jural entities that cannot be sued under section 1983. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991); *see also Crull v. City of New Braunfels, Texas*, 267 F. App'x 338, 341-42 (5th Cir. 2008) (unpublished) ("Therefore, the Police Department is not a separate legal entity apart from the City and the district court did not err in dismissing the claims against the Police Department.").

A copy of the Report was sent to Fuller at the address he has provided the Court. However, to date, no objections to the Report have been submitted. The Court also notes that Fuller filed a

notice to the Court on October 19, 2017, (Dkt. # 28), wherein he highlighted that he was being released from the Texas Department of Criminal Justice in October 2017 and would contact the Court "no later than November 3, 2017" with his new mailing address and contact information. After he failed to do so, the Court issued an order on August 6, 2018, (Dkt. #31), directing Fuller to provide his current mailing address; nevertheless, he still has not done so.

Because Fuller failed to object to the Magistrate Judge's report, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge, (Dkt. # 32), is **ADOPTED** as the opinion of the District Court. Further it is

**ORDERED** that Defendants' motion to dismiss, (Dkt. # 24), is **GRANTED**. Fuller's claims against the Henderson County Sheriff's Department and Medical Department are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** **August 24, 2018.**

_____
Ron Clark, Senior District Judge